UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NO.: _____

LEAH HALL,

    Plaintiff,	COMPLAINT

v.

STELLAR RECOVERY, INC.,	JURY TRIAL DEMANDED

    Defendant.

## INTRODUCTION

1. This action arises from Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA" herein), 15 U.S.C. § 1692 *et seq.*

2. The term "consumer" as used in this Complaint means any natural person obligated or allegedly obligated to pay any debt. Section 803(3) of the FDCPA, 15 U.S.C. § 1692a(3).

3. The term "debt" as used in this Complaint means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment. Section 803(5) of the FDCPA, 15 U.S.C. § 1692a(5).

4. The term "debt collector" as used in this Complaint means any person who uses any instrumentality of interstate commerce or the mails in any business the

principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Section 803(6) of the FDCPA, 15 U.S.C. § 1692a(6).

## JURISDICTION AND VENUE

5. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

6. Venue is proper in this district because the acts and transactions occurred in this district, Plaintiff resides in this district, and Defendant transacts business in this district.

## PARTIES

### Plaintiff

7. Plaintiff Leah Hall (hereinafter "Plaintiff"), is a natural person residing in the County of Hennepin, State of Minnesota, and is a "consumer" as that term is defined by Section 803(3) of the FDCPA, 15 U.S.C. § 1692a(3), and/or a person affected by a violation of the FDCPA with standing to bring this claim under Section 803 of the FDCPA, 15 U.S.C. 1692k(a).

### Defendant

8. Defendant Stellar Recovery, Inc. (hereinafter "Defendant"), is a Florida corporation, but with its principal place of business located at 1327 Highway 2 West, Suite 100, Kalispell, MT 59901.

9. Defendant is a "debt collector," as defined in Section 803(6) of the FDCPA, 15 U.S.C. § 1692a(6).

2

## FACTUAL SUMMARY

10. Sometime prior to January 2007, Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by Section 803(5) of the FDCPA, 15 U.S.C. § 1692a(5), namely a $78.00 bill for services provided by the entity Comcast.

11. Plaintiff resolved the debt originally owed to Comcast prior to the debt being transferred to Defendant.

12. On or about November 27, 2012, Plaintiff requested and received her credit report from the credit reporting bureau Equifax.

13. Plaintiff discovered an account reported to Equifax by Defendant containing false information about the alleged debt.

14. On January 3, 2013, Plaintiff filed a complaint against Defendant in Federal Court with case file number 13-CV-022 in the District of Minnesota alleging violations of the Fair Debt Collection Practices Act for the false report.

15. During the course of that litigation, Defendant confirmed that the report contained false information.

16. The parties ultimately reached a settlement agreement and pursuant to that settlement agreement, Plaintiff dismissed her claim against Defendant.

17. On January 10, 2014, Defendant called Plaintiff. Plaintiff did not answer the call.

18. Plaintiff returned Defendant's January 10, 2014 call later that day. Defendant indicated the call was regarding the same alleged debt which was the subject of

3

Plaintiff's prior claim against Defendant, case number 13-CV-022, which was resolved as part of the settlement agreement entered between the parties.

19. Defendant sought payment of the alleged debt. The January 10, 2014 conversation with Plaintiff is therefore a "communication" as that term is defined by Section 803 of the FDCPA, 15 U.S.C. § 1692a(2).

20. Plaintiff communicated her understanding that the alleged debt had been resolved. Defendant's collection agent confirmed that the collection notes indicated the debt had been resolved. The call was terminated.

21. Plaintiff requested and reviewed her Experian credit report after speaking with Defendant on January 10, 2014.

22. Plaintiff's Experian credit report, dated January 14, 2014 shows that Defendant continues to report the debt, despite having been sued in 13-CV-022 for false reporting and despite Defendant's collection agent directly contradicting the credit report by confirming to Plaintiff that Defendant's collection notes indicated the debt had been resolved.

23. Defendant continues to report the alleged debt to the credit bureaus as an outstanding obligation despite conveying to Plaintiff that the debt is not outstanding. Plaintiff satisfied the debt prior to the debt being transferred to Defendant. Plaintiff was assured by Defendant's collection agent that the debt appears in their records as satisfied. Defendant simultaneously reports to the credit bureaus that the debt has not been satisfied, thereby damaging Plaintiff's credit. Defendant's representations to Plaintiff and the credit bureaus are contradictory

and therefore material to Plaintiff's decision whether to pay any amount of money to Defendant.

24. On or about January 31, 2014, Plaintiff discovered a second account being reported by Defendant on Plaintiff's credit report.

25. The second account reported by Defendant is for the same amount as the debt described in paragraph 10, *supra*.

26. Upon information and belief, Defendant has reported the same account twice.

### Violations of The Fair Debt Collection Practices Act

27. Defendant's reports to the credit bureaus contains false, deceptive, or misleading representations and therefore constitutes the communication of false credit information, violating Section 807 of the FDCPA, 15 U.S.C. §§ 1692e, 1692e(2), 1692e(8), and 1692e(10).

28. Defendant's attempt to collect a debt Defendant knows is no longer outstanding is an attempt to collect an amount not permitted by law, violating Section 808 of the FDCPA, 15 U.S.C. § 1692f(1).

29. Defendant is knowingly reporting false credit information and is knowingly attempting to collect a non-existent debt. Defendant's conduct has the natural consequence of oppressing, abusing, and harassing Plaintiff, violating Section 806 of the FDCPA, 15 U.S.C. § 1692d.

30. Defendant is reporting the same account to the credit reporting agencies twice, as though it were two separate accounts. Defendant's duplicate reporting of the same account constitutes false, deceptive, or misleading representations and therefore

constitutes the communication of false credit information, violating Section 807 of the FDCPA, 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), 1692e(8), and 1692e(10).

### Actual Damages

31. Plaintiff suffered actual damages in the form of damage to her credit. As of the filling of this complaint, Defendant's false reports to the credit bureaus are the only accounts listed as being in collections. Plaintiff has also suffered actual damages in the form of emotional distress and frustration.

### Respondeat Superior Liability

32. The acts and omissions of Defendant, and/or the other debt collectors employed as agents by Defendant who communicated with Plaintiff- further described herein- were committed within the time and space limits of their agency relationship with their principal, Defendant.

33. The acts and omissions by Defendant and/or these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant in collecting consumer debts.

34. By committing these acts and omissions against Plaintiff, Defendant and these other debt collectors were motivated to benefit their principal, Defendant.

35. Defendant is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of federal law by its collection employees, including but not limited to violations of the FDCPA and Minnesota law, in their attempts to collect this debt from Plaintiff.

*Summary*

36. The above-detailed conduct by Defendant was a violation of numerous and multiple provisions of the FDCPA, including but not limited to the provisions of the FDCPA identified above.

37. Defendant's negligent and/or intentional acts resulted in the violation of numerous provisions of federal law and resulted in actual damages to the Plaintiff.

### TRIAL BY JURY

38. Plaintiff is entitled to and hereby respectfully demands a trial by jury. U.S. Const. amend. 7. Fed.R.Civ.P. 38.

### CAUSE OF ACTION

### COUNT I
### VIOLATIONS OF THE
### FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

39. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

40. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

7

41. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant herein.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant:

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

42. For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant and for Plaintiff;

43. For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant and for Plaintiff; and

44. For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for Plaintiff.

Respectfully submitted,

MARTINEAU, GONKO & VAVRECK, PLLC

s/ Mark L. Vavreck
Mark L. Vavreck, Esq.
Bar Number #0318619
Attorney for Plaintiff
Martineau, Gonko & Vavreck, PLLC
Designers Guild Building
401 North Third Street, Suite 600
Minneapolis, MN 55401

                                Telephone: (612) 659-9500
                                Facsimile: (612) 659-9220
Dated: February 5, 2014        mvavreck@mgvlawfirm.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

STATE OF MINNESOTA )
) ss
COUNTY OF HENNEPIN )

LEAH HALL, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant, cause unnecessary delay to any Defendant, or create a needless increase in the cost of litigation to any Defendant, named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

6. I have provided my attorneys with true and correct copies of each and every exhibit, which has been attached to this Complaint.

7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated the attached exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

s/ _Leah Hall_
LEAH HALL

Subscribed and sworn to before me
this 19th day of 02, 2014.

_Jennifer Morris_
Notary Public

JENNIFER MORRIS
NOTARY PUBLIC - MINNESOTA
MY COMMISSION EXPIRES 01/31/18

10